



FILED

SEP - 6 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 05-39358-C-7 |
| DARYL LEE McCANN and BETTY ANN McCANN, | DC No. DNL-2 |
| Debtor(s). | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

These findings of fact and conclusions of law explain more extensive findings made orally on the record and are not intended for publication.

The debtors did not initially schedule an interest in an annuity. When confronted at the meeting of creditors, they disclosed the annuity and amended their Schedule B to list it as an asset and claimed it as exempt under two theories of California law. One of those theories was rejected for the reasons previously made on the record. The other exemption is available in the amount of $18,350.

The question is whether to surcharge the exemption under the particular circumstances of the case. The court is persuaded, upon reviewing the record, that the trustee and trustee's counsel were required to exert considerable extra and unnecessary effort in establishing that the annuity in question is not exempt. The trustee has established time and expenses of $2,494.38, and the

counsel for the trustee has identified fees and expenses as $3,487.50. It has been explained to the court that counsel for the trustee wrote off an equivalent amount of time under principles of reasonable billing judgment and contends that under Latman v. Burdette (In re Latman), 366 F.3d 774 (9th Cir. 2004), a surcharge is appropriate.

This court agrees that the position of the debtors that they did not "own" the annuity even though they had an unambiguous right to receive $965 per month beginning October 1, 2008, with a 2 percent annual inflation for the rest of their lives, is not supportable for purposes of bankruptcy law. Accordingly, the exemption may be surcharged in the amount of $1,250 for the trustee and $3,000 for counsel for the trustee. (Although the evidence establishes more specific sums, the court, in its exercise of discretion, is making an adjustment that it deems appropriate under all the circumstances of the case).

An appropriate order will issue.

Dated: September 6, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Daryl Lee McCann
PO Box 981222
West Sacramento, CA 95798


Betty Ann McCann
PO Box 981222
West Sacramento, CA 95798


J. Russell Cunningham
1830 15th St
Sacramento, CA 95814

Dated: 9/7/06

_____
DEPUTY CLERK